# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL CASUALTY AND SURETY, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-11-2509 |
| GEORGE ZOUVELOS and ANASTASIA MANCINI, | § § § § § | |
| Defendants. | § | |

## ORDER ON PERMANENT INJUNCTION

Financial Casualty and Surety, Inc. ("FCS") has sued George Zouvelos and Anastasia Mancini for breach of contract and libel. FCS has applied for a permanent injunction "directing Zouvelos to immediately produce all books and records of Zouvelos on each bond file and collateral described in Exhibit L for copying and inspection pursuant to the express terms of the agreement." (Docket Entry No. 10, ¶ 31). On October 24 and 25, 2011, this court received evidence on FCS's application, which included pleadings, affidavits, sworn testimony, and other documentary evidence. FCS appeared by and through its representatives and counsel. Zouvelos appeared personally and gave testimony. Mancini appeared by and through counsel. For the reasons stated on the record at the conclusion of evidence on October 25, this court grants the application for the permanent injunction.

This court finds that there is credible evidence that the records sought by FCS from Zouvelos and Mancini are essential for FCS to reconcile and disburse properly cash collateral held by FCS to indemnitors for bail bonds written by Zouvelos and to third-party vendors. Further, this court finds that FCS has presented credible evidence that FCS faces imminent harm absent this order by

Zouvelos and Mancini's failure to produce books and records regarding bail-bond collateral under the parties' agreements. The credible evidence presented by FCS shows that the harm resulting from this failure would be irreparable for three reasons: first, FCS is unable to reconcile properly the collateral accounts and return collateral to the proper claimants; second, there is no credible evidence that Zouvelos, Mancini, or both have the financial ability to pay damages to FCS if FCS pays out all collateral to all claimants (indemnitors and vendors); and third, FCS currently is experiencing incalculable damage to its reputation resulting from the existing inquiry by the New York Department of Finance and indemnitor complaints, resulting from FCS's inability to reconcile the collateral account records. This court finds that the records sought by FCS—which only Zouvelos and Mancini have—are critical to FCS's operation and management of the cash collateral. Therefore, the court orders Zouvelos and Mancini to produce the following items to FCS within 14 days of this order:

>(1) Records of all collateral received by Defendants on FCS bonds from April 2008 to the present to include Defendant Name, Bond Power Number, Amount of Collateral Received, Indemnitor Name, Address, and Phone Number; and third-party invoices related to the bond collateral;

>(2) Defendants' bank-account statements frm April 2008 to the present for Chase Bank account number 733455836 and any other account Defendants have used during this period to hold collateral on FCS bonds, including copies of canceled checks and deposit advice; and

>(3) All vendors' invoices on which Defendants have relied to disburse FCS collateral from April 2008 to the present, or for which Defendants claim collateral held by FCS for Defendants should be paid at any time in the future.

SIGNED on November 17, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge