UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

FINANCIAL CASUALTY & SURETY, INC.,

                             Plaintiff,     ORDER

   - against -                  CV 12-3476 (WFK)(MDG)

GEORGE ZOUVELOS and ANASTASIA
MANCINI,

                             Defendants.

- - - - - - - - - - - - - - - - - - X

    In this action, Financial Casualty & Surety, Inc. ("Financial Casualty") asserts claims against George Zouvelos and Anastasia Mancini, defendants pro se, for indemnification and breach of certain agreements relating to bail bonds under which Financial Casualty was obligated to pay as surety. After this action was transferred to this Court from the Southern District of Texas, plaintiff moved for summary judgment and to dismiss defendants' counterclaim (ct. doc. 131) and defendants moved to dismiss (ct. doc. 138). Judge Kuntz initially stayed discovery, but, after addressing plaintiff's motion by electronic order on April 1, 2014, requested this Court to supervise discovery and address various motions relating to discovery. See ct. doc. 158, 163. By electronic order filed on April 16, 2014, this Court granted requests by both sides to extend discovery and scheduled a conference on May 28, 2014 to discuss other scheduling matters.

This Court also noted that "[i]nsofar as defendants move to compel discovery, the motion is denied for lack of specificity and failure to attempt to resolve the issue prior to making a motion." Id.

At the May conference, this Court vacated the stay, required that plaintiff respond to defendants' outstanding discovery requests by June 27, 2014 and shortened the discovery deadline to August 8, 2014, in light of the remaining discovery sought only by defendants.

By motion filed on July 1, 2014, defendants move for sanctions because of plaintiff's purported failure to serve timely responses as ordered (ct. doc. 172), which plaintiff followed with it own motion for sanctions for filing a frivolous motion for sanctions (ct. doc. 175). Both motions are denied for the reasons set forth below.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions if a party "fails to obey an order to provide . . . discovery, . . ." In response to defendants' claim that plaintiff did not provide discovery responses by the June 27, 2014 deadline set by the Court, plaintiff's counsel states that he mailed responses on June 27, 2014.

Defendants base their motion on the incorrect assumption that the date this Court set for plaintiff's responses meant that

defendants were to receive the responses by that date. Generally, when a court orders the production of discovery by a date certain, that date refers to when the discovery responses must be served, not when they must be received. See Gorman v. Cty. of Suffolk, 2010 WL 55935, at *1 (E.D.N.Y. 2010) ("Federal Rule of Civil Procedure 34 provides that a party must serve its responses to discovery demands" within 30 days of being served") (emphasis added). That was what this Court intended in setting June 27, 2014 as the deadline for plaintiff's responses. Under the applicable Federal Rules, discovery responses should be served on the parties to the action but not filed with the Court, see Fed. R. Civ. P. 5(a)(1)(C), 5(d)(1), and "service is complete upon mailing," Fed. R. Civ. P. 5(b).[1] Since it is undisputed that plaintiff mailed its discovery responses on June 27, 2014 as ordered, plaintiff did not violate this Court's order. Thus, defendants' motion for sanctions is denied.

Plaintiff cross-moves for sanctions "pursuant to Federal Rule of Civil Procedure 11" for defendants' filing and refusal to withdraw its motion for sanctions. See ct. doc. 175 at 1. Rule 11 is inapplicable since the Rule "does not apply to . . . [discovery] motions under Rule 26 through 37." Fed. R. Civ. P.

---

[1] In contrast, when papers must be filed with the Court as required by Rules 5(d) and (e) of the Federal Rules of Civil Procedure, the filing of papers occurs when they are "delivered into the actual custody of the proper officer designated by statute." Greenwood v. State of New York, 842 F.2d 636, 639 (2d Cir. 1988).

11(d).  In any event, plaintiff failed to follow the procedure prescribed therein to serve the motion but not file or present it to the court until the other party fails to withdraw the challenged paper within 21 days after service.  <u>See</u> Fed. R. Civ. 11(c)(2).  Had plaintiff brought its motion pursuant to the applicable provision of the Federal Rules, Rule 37(a)(5)(B), I would find that an award of expenses would be unjust under the circumstances.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(B).

Finally, while plaintiff correctly notes that defendants failed to confer with plaintiff prior to filing their motion for sanctions, this Court will excuse defendants' conduct this time given the fact they are unrepresented.  However, defendants appear to be more knowledgeable about the legal system than most <u>pro</u> <u>se</u> litigants and are warned that this Court will not excuse their failure to comply with the requirement to confer in good faith before filing a motion to compel discovery or for sanctions in the future.

<u>CONCLUSION</u>

For the foregoing reasons, the parties' cross-motions for sanctions are denied.

The substantive objections to plaintiff's discovery responses raised by defendants for the first time in their reply papers (ct. docs. 176, 177), will be addressed at a telephone conference to be held on July 28, 2014 at 3:30 p.m.  The parties

are directed to confer with each other in advance of the conference.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 22, 2014

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE